El Pueblo, Demandante y Apelado, *v.* Reyes, Acusada y Apelante.

Apelación procedente de la Corte de Distrito de San Juan, Sección 2ª., en causa por delito contra la moral y honestidad pública.

No. 1286.—Resuelto en julio 13, 1918.

Casa de Lenocinio—Prostitución.—Habiéndose sostenido por la parte apelante en el presente caso que la denuncia es ambigua y dudosa por el hecho de que puede comprender dos delitos, o sean, los definidos en los artículos 287 y 288 del Código Penal, y que ignoraba por cuál de los dos se le acusaba, *se resolvió:* Que la denuncia imputa claramente a la acusada el hecho de tener establecida una casa de lenocinio frecuentada para la prostitución, que es la esencia del delito a que se refiere el artículo 287 del Código Penal, y que la evidencia aportada al juicio tiende a demostrar la existencia del delito.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. Celestino Iriarte, Jr.*

Abogado del apelado: *Sr. Salvador Mestre, Fiscal.*

El Juez Presidente Sr. Hernández, emitió la opinión del tribunal.

Tomasa Reyes fué condenada por sentencia de la Corte de Distrito de San Juan, Sección 2ª., de 29 de abril, 1918, a la pena de un año de cárcel a virtud de denuncia por delito cometido de la manera siguiente:

"Que en febrero 10 de 1918 a las 8 P. M., y en la calle Allen, casa No. 73, del distrito judicial municipal de San Juan, la referida acusada voluntaria, y maliciosamente y para fines deshonestos tiene en la dirección indicada una casa dedicada a la prostitución, la cual es habitada o frecuentada por prostitutas, en donde realizan actos carnales."

En apoyo del recurso interpuesto contra dicha sentencia sostiene la apelante que según excepción oportunamente alegada contra la denuncia, ésta es ambigua y dudosa, pues por los términos en que aparece redactada puede comprender dos delitos, a saber, los definidos en los artículos 287 y 288 del Código Penal, ignorando por cuál de ellos sea acusada.

Esos artículos dicen así:

"Artículo 287.—Toda persona que estableciere o tuviere establecida en Puerto Rico una casa de lenocinio frecuentada para la prostitución y lascivia, o que voluntariamente residiere en ella, será reo de *misdemeanor*.

"Artículo 288.—Toda persona que tuviere establecida una casa escandalosa o dedicada a citas deshonestas * * * será reo de *misdemeanor*."

Examinados los artículos transcritos en relación con la denuncia, se ve sin gran esfuerzo mental que llena los requisitos prevenidos por los artículos 71 y 82 del Código de Enjuiciamiento Criminal. Ella imputa claramente a la acusada que tiene establecida una casa de lenocinio frecuentada para la prostitución, que es la esencia del delito a que se refiere el artículo 287. No se le imputa que tenga una casa dedicada a citas deshonestas, que es el elemento constitutivo del delito a que se refiere el artículo 288. Las alegaciones de que la casa es habitada o frecuentada por prostitutas que realizan allí actos carnales son explicativas de que la casa realmente está dedicada a la prostitución, y lejos de oscurecer corroboran el concepto fundamental del primer delito expresado.

También alega la apelante que la prueba no es bastante para sostener una sentencia condenatoria. No es así. La evidencia aportada al juicio tiende a demostrar que la acusada tenía establecida una casa a la que iban meretrices llamadas por ella a ejercer actos carnales con los hombres que allí acudían, recibiendo remuneración por tan infame y punible tráfico.

Es de confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.